# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ILKER YASIN BILGIN,<br><br>*Petitioner,*<br><br>v.<br><br>ANDY CRUZ, et al.,<br><br>*Respondents.* | CIVIL ACTION<br><br>NO. 26-8373 |

## ORDER

**AND NOW**, this 9th day of November, 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition, (Dkt. No. 2), it is hereby **ORDERED** that the Petition is **DENIED** without prejudice.[1]

[1] Petitioner Ilker Yasin Bilgin is a citizen of Turkey who entered the United States without inspection in December of 2024. (Pet. ¶ 2, Dkt. No. 1). Customs and Border Patrol agents apprehended Bilgin in San Ysidro, California and, on December 28, 2024, released him on his own recognizance. (*Id.* ¶ 5; Gov't Resp. in Opp'n at 4, Dkt. No. 2.) On October 31, 2026, ICE agents arrested Bilgin for violating the conditions of his prior release and transported him to the Philadelphia Federal Detention Center, where he remains detained under 8 U.S.C. § 1226(a). (Pet. ¶¶ 1, 4; Gov't Resp. in Opp'n at 4.)

Bilgin filed a *habeas* petition, alleging violations of the Immigration and Nationality Act and (apparently) the Fifth Amendment. (Pet. ¶¶ 23–26.) He seeks an order declaring his detention unlawful and his immediate release. (*Id.* at 6–7.) He argues that he need not exhaust the administrative remedies under 8 U.S.C. § 1226(a). (*Id.* ¶ 7.) The Government argues that Bilgin is lawfully detained under § 1226(a) and must exhaust his administrative remedies. (Gov't Resp. in Opp'n at 6–8.)

Petitioners "are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases). Exhaustion may be excused if an attempt to obtain relief would be futile. *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010). A futile argument is not the same, however, as one that would likely fail if it had been raised. *See Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (collecting cases).

Bilgin requested a bond hearing. (Gov't Resp. in Opp'n at 4; *see also* Form I-286 at 1, Dkt. No. 2-4.) Until he proceeds with his administrative review, "the merits of [his] claims that he is being held in violation of federal law are [not] ripe for review." *Ubaid*, 2026 WL 1346670, at *3; *Doe v. Jamison*, No. 26-1906, 2026 WL 916568, at *4 n. 36 (E.D. Pa. Mar. 31, 2026) (holding that due process claims are not ripe for review until and unless the petitioner fully exhausts the administrative process); *Zapata-Vargas v. Blanche*, No. CV 26-6691, 2026 WL 2906208, at *2 (E.D.

The Clerk of Court shall **CLOSE** the case.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.

Pa. Sept. 28, 2026) ("Because Petitioner has not yet completed the second step of § 1226's review process . . . Petitioner has not exhausted his administrative remedies and his Petition is therefore not ripe for review by this Court."); *Lacruz Rondon v. Jamison*, No. 26-CV-07230, 2026 WL 2969105, at *3 (E.D. Pa. Oct. 2, 2026) (collecting cases and holding that "the merits of the Petition are 'not ripe for review' by this Court because Petitioner has failed to exhaust his administrative remedies").